IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TERRENCE M. BOOTH,**

    Petitioner,

v.                                                                                Civil Action No. **3:19CV194**

**COMMONWEALTH OF VIRGINIA,** *et al.,*

    Respondents.

## MEMORANDUM OPINION

Terrence M. Booth, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed a Petition for a Writ of Mandamus. (ECF No. 1.) For the reasons that follow, the Court will dismiss the action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous," or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and a court must view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **II. Allegations**

Booth seeks to dismiss pending criminal charges filed against him in the state "due to constitutional infirmities/technicalities."[1] (Pet. Writ. Mand. 1.) Booth names the Commonwealth of Virginia, Mark Herring, and "CWA" (Commonwealth's Attorney) Katherine Mary Beye as Respondents. Booth alleges:

> 1. That on or about May 2, 2018, (2) two Norfolk Sheriff's Officers, acting under color of state law, executed a warrant (use of F/A committing a felony), committing a forgery of a Norfolk police officer's signature. CWA Office refuse[d] to prosecute the rogue sheriffs. They admitted to their complicity. CWA office duty is to charge sheriffs . . . .
> 2. That on or about August 17, 2018, Sheriff Joseph P. Baron forwarded the case to the Norfolk Police Dept. for further investigation. It was learned that the sheriffs were caught on camera and admitted to their complicity. Det. M.R. Crank (forgery unit) stated: "So you won't get outta the charges, we're (state's attorney) gonna nol. pros. the charges and upgrade them. We don't know yet." . . . .
> 3. That on or about September 5, 2018, Petitioner was indicted (like Crank stated) on additional upgraded charged, which were "trumped-up" to cover up the sheriff's deliberate deception of the court and jurors. Such a contrivance by the state to deceive the court involves guile, perjury, prosecutorial misconduct, and corruption of a truth-seeking function of the trial process, which vitiated the entire proceeding. CWA Katherine Mary Beye was in cahoots with M.R. Crank (NPD) to deter Petitioner from technicalities/dismissal.
> 4. That on or about September 9, 2018, Petitioner was told by the magistrate that he would be arraigned the ensuing day. Six months have elapsed [and] he has not been arraigned, pursuant to the Supreme Court mandate (72 hrs). Petitioner contends that his Sixth Amend. Right (to be informed of the nature and cause of the accusation), Fifth [and] Fourteenth Amendment right (procedural due process) have

---

[1] The Court employs the pagination assigned to Petition for a Writ of Mandamus by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing and omits the emphasis in quotations from the Petition for a Writ of Mandamus.

3

been transgressed. On October 22, 2018 and Feb. 25, 2019, Petitioner was scheduled to be tried by a jury of peers without an arraignment.
5. That on or about October 19, 2018, Petitioner filed a Writ of Mandamus in Norfolk Circuit Court. They refuse[d] to respond. Petitioner seeks federal relief.

(*Id.* at 1–2.) The only relief that Booth seeks is "dismissal of all charges due to constitution[al] infirmaties . . . ." (*Id.* at 2.)

### III. Analysis

Booth asks this Court for relief that it cannot provide: specifically, granting mandamus relief and dismissing his state criminal charges. Although Booth wants this Court to order the Commonwealth of Virginia, the Attorney General of Virginia, and the Commonwealth's Attorney's Office to dismiss the state criminal charges against him, this Court lacks jurisdiction to grant mandamus relief against state officials or state agencies. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Islam v. Va. Supreme Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Accordingly, Booth's Petition for a Writ of Mandamus (ECF No. 1) will be DENIED and the action will be dismissed as legally frivolous.

### IV. Conclusion

Booth's Petition for a Writ of Mandamus (ECF No. 1) will be DENIED. The action will be DISMISSED WITH PREJUDICE as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: SEP 27 2019
Richmond, Virginia

4